UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSEPH A. FERRARA, SR., FRANK H. FINKEL,
MARC HERBST, DENISE RICHARDSON,
THOMAS F. CORBETT, ANTHONY D'AQUILA,
THOMAS GESUALDI, LOUIS BISIGNANO,
DOMINICK MARROCCO, and ANTHONY
PIROZZI, as Trustees and Fiduciaries of the Local
282 Welfare Trust Fund, the Local 282 Pension
Trust Fund, the Local 282 Annuity Trust Fund, the
Local 282 Job Training Trust Fund, and the Local
282 Vacation and Sick Leave Trust Fund,

                        Plaintiffs,                      ORDER

      -against-                                  CV 11-2775 (JS) (ETB)

ATLAS CONCRETE STRUCTURES CORP.,

                        Defendant.
------------------------------------------------------------------------X

      By letter dated May 24, 2012, plaintiffs request that the Court reconsider the Report and Recommendation issued on May 21, 2012 with respect to plaintiffs' motion for a default judgment. Plaintiffs assert that reconsideration is necessary because the Report and Recommendation was issued prior to plaintiffs filing a supplemental damages calculation. (Pl. Letter Mot. 1.) Plaintiffs also seek to now correct "inadvertent errors" contained in their default judgment motion papers with respect to how interest and liquidated damages should be calculated. (Id.) An evidentiary hearing on damages was conducted on April 12, 2012.

      Motions for reconsideration in this district are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. See Ehrlich v. Inc. Vill. of Sea Cliff, No. CV 04-4025, 2007 WL 1593241, at *1 (E.D.N.Y. June 1, 2007) ("A motion for reconsideration

-1-

is within the sound discretion of the district court."); Hunt v. Enzo Biochem, Inc., No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007) ("Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court."). "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" Hunt, 2007 WL 1346652, at *1 (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). For this reason, Local Civil Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Dietrich v. Bauer, 76 F. Supp. 2d 312, 317 (S.D.N.Y. 1999); see also Church of Scientology Int'l v. Time Warner, Inc., No. 92 Civ. 3024, 1997 WL 538912, at *2 (S.D.N.Y. Aug. 27, 1997) ("The standards for reargument are strictly applied in order to preserve scarce judicial resources and avoid piecemeal litigation.").

"To prevail on a motion for [reconsideration], the movant 'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Gill v. Gilder, No. 95 Civ. 7933, 1997 WL 419983, at *2 (S.D.N.Y. July 28, 1997)). "A motion for reconsideration is not a substitute for appeal . . . Nor is it 'a second bite at the apple for a party dissatisfied with a court's ruling.'" Hunt, 2007 WL 1346652, at *1 (quoting Pannonia Farms, Inc. v. USA Cable, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004)). Accordingly, a party may not merely offer the same arguments that were previously submitted to the court when seeking reconsideration. See Giordano v. Thomson, No. 03-CV-5672, 2006 WL 1882917, at *1 (E.D.N.Y. June 26, 2006) ("The Court cannot merely consider the same

arguments that were previously submitted.") (citing Ruiz v. Comm'r of the D.O.T. of New York, 687 F. Supp. 888, 890 (S.D.N.Y. 1988), modified on other grounds, 934 F.2d 450 (2d Cir. 1991)).

Moreover, a party is not permitted to "advance new facts, issues or arguments not previously presented to the Court" on a motion for reconsideration. Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp., 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted). "Indeed, a party requesting [reconsideration] 'is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use Rule [6.3] to advance new facts and theories in response to the court's rulings.'" Church of Scientology, 1997 WL 538912, at *2 (quoting Woodard v. Hardenfelder, 845 F. Supp. 960, 966 (E.D.N.Y. 1994) ("The restrictive application of Local Rule 6.3 helps to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.") (quotation omitted).

Plaintiffs fail to point to any controlling law or factual matters that the Court overlooked when issuing its Report and Recommendation. Rather, plaintiffs seek to have the Court consider information it failed to timely submit in the first place. The inquest before the undersigned was held on April 12, 2012. At that time, plaintiffs' counsel was directed to order a copy of the transcript and to file any supplemental damages calculation that they wished the Court to consider. (Tr. 28.) After more than thirty days had passed without anything being submitted by plaintiffs, the Court issued an Order directing plaintiffs to provide the Court with a copy of the transcript from the inquest within ten days. (Order of Boyle, M.J. dated May 14, 2012.) A copy

of the transcript was received by the Court on May 15, 2012.[1] However, nothing further was submitted by plaintiffs. Accordingly, the Court issued its Report and Recommendation based on the evidence before it on May 21, 2012.

Plaintiffs now assert that they understood the Court's May 14, 2012 Order to direct them to file both the transcript and their supplemental damages calculation within ten days, as it is plaintiffs' counsel's "practice to file the transcript and updated proof of damages at the same time." (Pl. Letter Mot. 1 n.1.) However, nothing in the Court's Order spoke to an updated damages calculation. Indeed, plaintiffs were directed to file any such calculation with the Court at the inquest held on April 12, 2012.[2] Such information was already within plaintiffs' control and there was no need for plaintiffs to obtain a copy of the transcript prior to submitting the calculation. Accordingly, plaintiffs' failure to timely submit the updated damages information for the Court's consideration in connection with its Report and Recommendation is not a proper basis for reconsideration.

Nor is plaintiffs' desire to correct any "inadvertent errors" contained in their default papers proper grounds for reconsideration. Plaintiffs' motion papers sought liquidated damages in the form of twenty percent (20%) of the unpaid employee benefit contributions, which is what the Court recommended they be awarded. (Report & Recommendation 7-8 and n.4.) Now realizing that "double interest" is greater than the twenty percent they elected to seek, plaintiffs

---

[1] As plaintiffs correctly point out, the transcript was filed with the Court by the transcription service, rather than plaintiffs.

[2] It should be noted that plaintiffs' supplemental damages calculation seeks an additional $7,253.36 in attorney's fees and costs. (Mackson Supp. Decl. ¶ 14, annexed to Pl. Letter Mot. as Ex. B(2).)

ask the Court to reconsider its recommendation and instead recommend liquidated damages in the form of double interest, which would increase plaintiffs' award by more than $4,000.[3] (Cody Supp. Decl. ¶ 16, annexed to Pl. Letter Mot. as Ex. B(1).) The failure by plaintiffs' counsel to perform simple due diligence when filing its motion for a default judgment does not justify the extraordinary remedy of reconsideration. See Bank Leumi Trust Co. v. Istim, Inc., 902 F. Supp. 46, 49 (S.D.N.Y. 1995) (denying motion for reconsideration and holding that information that movant sought to proffer as "new" was not actually new where the movant had access to the information prior to the underlying motion and where the movant failed to "establish that the [evidence] could not have been found by due diligence") (quoting Keogh Corp. v. Howard, Weil, Labouisse, Friedrichs, Inc., No. 88 Civ. 8447, 1993 U.S. Dist. LEXIS 12086, at *3 (S.D.N.Y. Aug. 30, 1993) (alteration in original).

Accordingly, plaintiffs' motion for reconsideration of the Report and Recommendation issued on May 21, 2012 is DENIED.

**SO ORDERED:**

Dated: Central Islip, New York
       June 1, 2012

                                          /s/ E. Thomas Boyle
                                          E. THOMAS BOYLE
                                          United States Magistrate Judge

---

[3] By Order dated October 17, 2011, plaintiffs were directed to file a Statement of Damages one week prior to the inquest before the undersigned. (Order of Boyle, M.J. dated Oct. 17, 2011 at 1.) Plaintiffs failed to do so. Had plaintiffs complied with the Court's Order, they may have discovered the "inadvertent errors" in their damages calculations prior to the evidentiary hearing held on April 12, 2012.